UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10751

MARIE KEANE,
Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC. and
BAC HOME LOANS SERVICING LIMITED PARTNERSHIP
f/k/a COUNTRYWIDE HOME LOANS SERVICING, LIMITED PARTNERSHIP,
Defendants.

OPINION AND ORDER
March 11, 2011

O'TOOLE, D.J.

The plaintiff, Marie Keane, has brought suit against Countrywide Home Loans, Inc. and BAC Home Loans Servicing Limited Partnership, alleging deficiencies by Countrywide in the origination of two mortgage loans and two refinances she obtained in 2006. The defendants now move to dismiss the complaint in its entirety.

Counts I and II allege the intentional infliction of emotional distress. The tort requires proof of conduct that is "extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community." Tetrault v. Mahoney, Hawkes & Goldings, 681 N.E.2d 1189, 1197 (Mass. 1997). The plaintiff alleges various deficiencies in the mortgage process, including providing documents not prepared in a language she could understand and not verifying her self-reported income. Something more is required to raise the matter to the level of seriousness required for this tort under Massachusetts law. Moreover, the plaintiff has not alleged she suffered emotional harm beyond a formulaic recitation of the elements for the tort.

Consequently, the plaintiff has failed to state a claim for intentional infliction of emotional distress.

Counts III and IV are entitled "transfer of wealth." As the defendants assert, there is no cause of action in Massachusetts law for such a claim. The plaintiff, represented by counsel, has not proffered any explanation in response as to how the complaint shows she is entitled to relief on these two counts.

Counts V and VI allege a breach of the implied covenant of good faith and fair dealing in the structuring and underwriting of the plaintiff's loans. The covenant of good faith and fair dealing, implied in every contract, requires that "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract . . . ." Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 820 (Mass. 1991) (quoting Drucker v. Roland Wm. Jutras Assocs., 348 N.E.2d 763, 765 (Mass. 1976)). The covenant governs conduct of parties after they have entered into a contract. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005). Although the defendants' contention that there can be no breach of the covenant without a breach of the underlying contract goes too far, see Speakman v. Allmerica Fin. Life Ins., 367 F. Supp. 2d 122, 132 (D. Mass. 2005) ("A party may breach the covenant of good faith and fair dealing implicit in every contract without breaching any express term of that contract."), the duty does involve the manner of performance of the parties, see Uno Rests., Inc. v. Boston Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004). Because the plaintiff does not allege any wrongdoing during the course of the performance of the contracts at issue, as distinguished from their origination, these counts fail adequately to allege the purported claim.

Counts VII through Count XII appear to allege violations of Chapter 93A of the Massachusetts General Laws. The plaintiff's 93A claims seem to be essentially premised on the lender's purported failure to verify her stated income through adequate and independent documentation.[1] She argues that the defendants would have discovered she could not make the scheduled payments had they made an effort, presumably through verification of her claimed income (or rather, lack of it), and that writing stated income loans comes within the "penumbra of a common law, statutory, or other established concept of unfairness" for the purposes of Chapter 93A. See Milliken & Co. v. Duro Textiles, LLC, 887 N.E.2d 244, 259 (Mass. 2008).

As support for this proposition, the plaintiff cites Commonwealth v. Fremont Investment & Loan, 897 N.E.2d 548 (Mass. 2008). In Fremont, the Supreme Judicial Court affirmed the superior court's issuance of a preliminary injunction restricting a lender's ability to foreclose upon certain loans. Id. at 559. The superior court judge had found that a mortgage loan secured by the borrower's principal dwelling is presumptively unfair under Chapter 93A if it possesses all four of the following characteristics: (1) the loan is an adjustable rate mortgage ("ARM") with an introductory period of three years or less; (2) the loan features an introductory rate for the initial period that is at least three percent lower than the fully indexed rate; (3) the borrower has a debt-to-income ratio that would have exceeded fifty percent if the lender had measured the debt due under the fully indexed rate; and (4) the loan-to-value ratio was 100 percent or the loan carries a substantial prepayment penalty or a prepayment penalty that extends beyond the introductory period. Id. at 554. The plaintiff's loans, however, do not have all four of the enumerated characteristics. Most notably, none of the loans at issue are ARMs, the kind of loan about which the Fremont court was most concerned.

---

[1] Such loans, where the borrower does not supply documentation of his or her income, are called "stated income" loans.

Furthermore, to the extent that the plaintiff argues that the fact that the defendants did not verify her stated income through documentation was a presumptively unfair business practice, that argument was rejected by Judge (now Justice) Gants:

> '[S]tated income' loans are no more prone to foreclosure than full documentation loans if the statements in the application are accurate; they become more prone to foreclosure only if the applicant . . . falsely inflates his income or assets. While such loans may not be prudent for a bank to issue because they fail to protect the bank from the risk of fraud, they cannot be said to be unfair to the borrower for this reason. In other words, a borrower may not fairly complain that a bank was unfair to him by giving him an opportunity to lie on his loan application without any meaningful risk of getting caught.

Commonwealth v. Fremont Inv. & Loan, No. 07-4373-BLS1, 2008 WL 517279, at *11 (Mass. Super. Ct. Feb. 26, 2008).

Consequently, while "originating loans with terms that in combination would lead predictably to the consequence of the borrowers' default and foreclosure" may have generally been "within established concepts of unfairness at the time the loans were made," see Fremont Invest. & Loan, 897 N.E.2d at 556, the plaintiff is not in a position to complain, having attempted to use the practice she now calls unfair to misrepresent her qualification for the loans applied for and thus to obtain a perceived benefit. Her willful and knowing participation in the unfair practice precludes her from claiming to have been a victim of it. The Chapter 93A claims are dismissed.[2]

Counts XIII and XIV allege a violation of Massachusetts General Laws chapter 183, § 28C.[3] Under that statute, a lender may not knowingly make a loan that pays for all or part of an

---

[2] As to the plaintiff's allegation that documents were not in a language she understood, this too must fail. The loan documents are in English, the language of her complaint and subsequent filings, and she makes no allegation that she does not understand English or that another language is understood by her.

[3] More precisely, the plaintiff alleges a violation of Massachusetts General Laws chapter 183A, but that citation appears to be in error.

existing loan that was consummated within the prior sixty months unless the refinancing is in the borrower's interest. In her complaint, the plaintiff alleges that the holding and writing of the refinancing loans constitute violations of the statute, but does not provide any explanation as to how the loans were not made in her interest.[4] The Court need not accept as true the plaintiff's legal conclusions and naked assertions devoid of any factual underpinnings. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Moreover, her loan documents, which show that her interest rate decreased through each refinancing, belie her claim that the transactions were not in her interest. See Mass. Gen. Laws. ch. 183, § 28C(a)(4). The plaintiff has therefore failed to state a claim under Massachusetts General Law chapter 183, § 28C.

For the foregoing reasons, the defendants' Motion to Dismiss (dkt. no. 7) is GRANTED. The complaint is dismissed.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge

---

[4] In her opposition, the plaintiff seems to suggest that the Court should look at its Chapter 93A demand letter, not previously attached to the complaint, to supplement the missing factual allegations in her complaint. Though it is doubtful the late allegations would be sufficient to save the claim, I decline to consider the newly offered allegations. See Miller v. Suffolk Cnty. House of Corr., No. 01-11331-DPW, 2002 WL 31194866, at *2 n.1 (D. Mass. Sept. 27, 2002) (collecting cases).